# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DENISE HARRINGTON, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:07-CV-1957 CAS |
| SUNBEAM PRODUCTS, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on motions for summary judgment filed by remaining defendant Sunbeam Products, Inc. ("Sunbeam"). The first motion seeks judgment on all of plaintiffs' claims based on a lack of evidence concerning causation or, in the alternative, on plaintiffs' failure to warn claim in Count II of the complaint. The second motion seeks judgment on plaintiffs' claim for punitive damages in Count VIII. Plaintiffs oppose the motions and Sunbeam has filed a reply. For the following reasons the Court will deny the motions.

**Background**.

This is a wrongful death and products liability action arising out of the death of plaintiffs' decedent, Pauline Curtis. In summary, plaintiffs allege that a Sunbeam electric blanket purchased on February 3, 2007 was being used by Ms. Curtis and caught on fire on February 6, 2007, resulting in injuries that led to Ms. Curtis' death eight days later. The remaining theories of liability against Sunbeam are (1) strict products liability; (2) strict liability failure to warn; (3) negligence; (4) breach of express warranty; (5) breach of the implied warranty of merchantability; and (6) punitive damages. Sunbeam alleges that the fire was caused by Ms. Curtis smoking.

**Summary Judgment Standard**.

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir.), cert. denied, 528 U.S. 1063 (1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

**Discussion**.

    A. Causation

Sunbeam moves for summary judgment on all of plaintiffs' claims on the basis that under applicable Missouri law, expert testimony is required to establish causation. In support of its motion, Sunbeam relies on its motions to exclude the testimony and opinions of plaintiffs' experts. Because these motions have been denied, Sunbeam's motion for summary judgment on causation should be denied.

    B. Failure to Warn

Under Missouri law, "Causation in a failure to warn case involves two separate requirements. First, the plaintiffs' injuries must be caused by the product from which the warning is missing." Arnold v. Ingersoll-Rand Co., 834 S.W.2d 192, 194 (Mo. 1992) (en banc). "Second, plaintiffs must show that a warning would have altered the behavior of the individuals involved in the accident. Missouri, like several other states, aids plaintiffs in proving this second part of causation by presuming that a warning will be heeded." Id. (citing Duke v. Gulf & Western Mfg. Co., 660 S.W.2d 404, 419 (Mo. Ct. App. 1983)).

Sunbeam moves for summary judgment on plaintiffs' failure to warn claim arguing that plaintiffs cannot show causation because they must be able to show a warning would have altered their behavior, and that they cannot do so because there is no evidence either plaintiff Payne or Ms. Curtis read the warnings. In support of its argument, Sunbeam cites Ms. Payne's deposition testimony that she did not read any warnings on the packaging of the subject blanket when she purchased it. Sunbeam also asserts there is no evidence that Ms. Curtis read the warnings or adhered to their instructions.

Plaintiffs respond that they are entitled to the benefit of Missouri's presumption that if there had been a warning it would have been heeded, because the evidence is that neither Ms. Payne nor Ms. Curtis knew of the danger of Sunbeam's product. Plaintiffs state that Ms. Payne was narrowly asked in her deposition whether she read the blanket's *packaging* before she bought it, and was never asked whether she read any warnings on the product. Plaintiffs assert that under Missouri law, whether or not Ms. Payne read warnings *before* she purchased the product is irrelevant, as this does not prove whether a warning would have altered her behavior. Rather, plaintiffs assert that proximate cause in a failure to warn case focuses on whether the warning affected the actual circumstances surrounding the incident, not the purchase of the product, citing Arnold, 834 S.W.2d at 193. Plaintiffs also cite Ms. Payne's deposition testimony that she assumed the blanket would be safe, and that after she got the blanket home and opened it, she read the product's instructions.

The Court finds that genuine issues of material fact exist which preclude the entry of summary judgment on this claim. First, Sunbeam has not presented evidence on the record before the Court that any warnings were present on the blanket's packaging. Second, Ms. Payne's testimony that she did not read the packaging prior to her purchase of the blanket is not the equivalent of testimony that she did not read any warnings at any time. As a result, Sunbeam has not met its initial burden to show that it is entitled to judgment as a matter of law. Sunbeam's motion for summary judgment on the failure to warn claim should therefore be denied.

    C. <u>Punitive Damages</u>

Sunbeam moves for summary judgment on plaintiffs' claim for punitive damages in Count VIII of the complaint. Sunbeam asserts that there is no evidence sufficient to meet the applicable standards for the imposition of punitive damages in negligence or strict liability cases, because there

4

is no evidence it knew or had reason to know there was a high degree of probability that its actions would result in injury (negligence standard), or that it placed an unreasonably dangerous product in commerce and showed a complete indifference to or conscious disregard for the safety of others (strict liability standard).

Sunbeam states that plaintiffs' evidence to support punitive damages consists of injuries caused by other Sunbeam blankets, but contends this evidence does not warrant the imposition of punitive damages because most of the incidents referred to involve an older generation of Sunbeam blankets that were discontinued in April 2000. Sunbeam states that the new technology blankets, including the subject blanket, have a completely new and different safety circuit design and meet all industry safety standards, and the number of alleged problems associated with the new blankets have substantially decreased. Sunbeam also asserts that punitive damages are inappropriate because there is evidence the incident would not have occurred but for the negligence of plaintiffs and Ms. Curtis in the handling of a cigarette lighter.

Plaintiffs respond that under Missouri law, punitive damages may be awarded in wrongful death cases if the defendant showed complete indifference to or a conscious disregard for the safety of others, which can be proved if the defendant knew or had reason to know of the high probability that its actions would result in injury, citing Call v. Heard, 925 S.W.2d 840, 849 (Mo. 1996) (en banc). Plaintiffs assert that Sunbeam had knowledge of similar incidents involving its electric blankets and therefore had notice of the dangerousness of its product and the high probability that its product would result in injury to consumers.

Plaintiffs state that Sunbeam was aware from the early 1980's that its electric blankets containing a Positive Temperature Coefficient (PTC) heating element had the potential to cause fires,

5

and added a safety circuit (Circuit 100) to try and prevent the fires. Nonetheless, plaintiffs state that each year from the late 1990's through 2000, Sunbeam received approximately 200 fire-related claims alleging personal injury or property damage and over a thousand warranty claims where the consumer complained the product had smoked, sparked, smoldered or caught fire.

Sunbeam developed a new safety circuit, Circuit 104, which is the technology incorporated in the subject blanket. Plaintiffs state that the patent for Circuit 104 discloses that the PTC heating element has the potential to cause fires, and the safety circuit is intended to prevent fires caused by the heating element. Plaintiffs state that Sunbeam's Product Safety Engineer, Richard Prins, testified he is aware of numerous Circuit 104 electric blankets that have been involved in fire incidents where it can be demonstrated that the safety circuit did not perform quickly enough, or as designed, to prevent fire-related damage in the returned product. Plaintiffs also state that both Mr. Prins and Sunbeam's retained expert testified that under certain circumstances Circuit 104 will not detect a local carbonized segment of the heating element, which would be a potential fire risk.

Plaintiffs state that their expert, Dr. William Cronenwett, has opined that the PTC heating element in Sunbeam products containing Circuit 104 is substantially similar to, and is identical in its electrical function, design and potential electrical fire-causing failure modes, the PTC heating element in Sunbeam products containing Circuit 100. Thus, plaintiffs assert there is evidence that the known fire-causing failure modes that existed in the PTC heating element used in Circuit 100 products continues to exist in the Circuit 104 products, and therefore incidents involving fires in Circuit 100 blankets are relevant to show Sunbeam's knowledge of the dangerousness of its product.

Plaintiffs state that Dr. Cronenwett examined the subject blanket and his expert report identifies various potential defects in the wiring that could have caused the ignition in this case, most

6

probably an electrical malfunction within the PTC cable heating element, and the subsequent failure of the safety circuit to prevent ignition of the PTC wire or the surrounding combustible material. Plaintiffs state that in June 2008, Dr. Cronenwett observed, measured, photographed and tested a large number of Circuit 104 blankets that had been returned to Sunbeam for warranty replacement because of customer reports of fire, smoke and spark-related failures, or with property damage or injury claims. Among these, Dr. Cronenwett found several blankets which showed clear evidence of having burned from electrical PTC cable failure, where the safety circuit did not operate to detect and prevent PTC malfunctions and subsequent fire, although the safety circuit in these blankets appears to be undamaged, the same as with the subject blanket.

Plaintiffs assert that these returned, fire-damaged blankets demonstrate that Circuit 104 safety circuit failures are a common and frequent reality of which Sunbeam has had notice for several years, and that Sunbeam demonstrates complete indifference and conscious disregard for the safety of others by continuing to sell defective PTC heating element blankets. Thus, plaintiffs contend a genuine issue of material fact remains in this matter as to the appropriateness of punitive damages.

The Court agrees, and finds that genuine issues of material fact remain which preclude summary judgment on plaintiffs' claim for punitive damages, including but not limited to whether the PTC heating element that caused fires in the earlier Circuit 100 blankets remains the same in the Circuit 104 blankets, whether Sunbeam has had notice of fires in its Circuit 104 blankets, particularly where the Circuit 104 safety circuit appears to function normally, and whether there was a cigarette lighter at the point of origin of the fire in this case. This motion for summary judgment should therefore be denied.

**Conclusion**.

For the foregoing reasons, defendant Sunbeam's motions for summary judgment on causation, and on plaintiffs' failure to warn and punitive damages claims should be denied in all respects.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Sunbeam, Inc.'s Motion for Summary Judgment Regarding Causation and/or the Failure to Warn Claim is **DENIED**. [Doc. 37]

**IT IS FURTHER ORDERED** that defendant Sunbeam, Inc.'s Motion for Partial Summary Judgment Regarding Punitive Damages is **DENIED**. [Doc. 40]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  13th  day of March, 2009.